```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


SHELI HART,                         §
                                    §
          Plaintiff,                §
                                    §
VS.                                 §   CIVIL ACTION H-10-2558
                                    §
NATIONWIDE PROPERTY & CASUALTY      §
INSURANCE COMPANY AND CALVIN D.     §
CHAMBERS,                           §
                                    §
          Defendants.               §
```

**<u>OPINION AND ORDER</u>**

The above referenced action, arising from alleged non-payment of insurance benefits, was removed from the 11th District Judicial Court of Harris County, Texas on diversity jurisdiction and alleges causes of action against both Defendants for fraud and conspiracy to commit fraud, and against Property and Casualty Insurance Company ("Nationwide) for intentional breach of insurance contract, breach of insurance contract, violations of the Texas Insurance Code (unfair settlement practices and failure to make prompt payment of claims), intentional breach of good faith and fair dealing, and breach of common law duty of good faith and fair dealing. Pending before the Court is Nationwide's motion for partial dismissal under Rule 8 and Rule 9(b) of the Federal Rules of Civil Procedure (instrument #3).

Nationwide complains that Plaintiff Sheli Hart's cause of actions rest "on factual allegations that are pleaded in only the

most vague generalities and formulaic recitations of statutory language" that fail to state a claim under the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Nationwide requests the Court to dismiss Hart's claims against it for fraud, conspiracy to commit fraud, and violations of the Texas Insurance Code § 541 and 542 because Hart failed to plead supporting facts as required under Federal Rule of Civil Procedure 8 and failed to plead fraud with particularity as required under Federal Rule of Civil Procedure 9(b).

## Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." All well pleaded facts must be viewed as true, "in the light most favorable to the plaintiff. *Lindquist v. City of Pasadena, Texas*, 525 F.3d 383, 386 (5th Cir. 2008). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Id.* "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also the 'grounds' on which the claim rests." *Id.* at 555, n.3. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009), *citing Twombly*, 550 U.S. at 556.

Even if the defendant does not file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the court "has the authority to consider the sufficiency of a complaint on its own initiative." *Landavazo v. Toro Co.*, 301 Fed. Appx. 333, 336 (5th Cir. Dec. 5, 2008)(*citing Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)("As a general rule, a district court may dismiss a complaint on its own for failure to state a claim.")), *cert. denied*, 129 S. Ct. 2417 (2009).

Federal Rule of Civil Procedure 9(b) mandates that "in alleging fraud or mistake [the plaintiff] must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit strictly construes the Rule and requires the plaintiff pleading fraud "'to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were

fraudulent.'"  *Flaherty & Crumrine Preferred Income Fund, Inc,. v. TXU Corp.*, 565 F.3d 200. 206-07 (5th Cir. 2009)(*quoting Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)), *cert. denied*, 130 S. Ct. 199 (2009).  In contrast Texas only requires the plaintiff to assert that the defendant made "a material misrepresentation, which was false and which was either known to be false when made or was asserted without knowledge of the truth which was intended to be acted upon, which was relied upon, and which caused injury."  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008), *quoting Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W. 2d 925, 929-30 (Tex. 1996).

Federal Rule of Civil Procedure 15(a)(2) states, "The court should freely give leave [to amend the pleadings] when justice so requires."  The decision whether to permit amendment "is entrusted to the sound discretion of the district court."  *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  Nevertheless, the Fifth Circuit has commented that the term "discretion" "'may be misleading because Fed. R. Civ. P. 15(a) evinces a bias in favor of granting leave to amend.'"  *Mayeaux v. Louisiana Health Serv. & Indemn. Co.*, 376 F.3d 420, 425 (5th Cir. 2004)(citation omitted). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'"  *Id.* (citation

-4-

omitted).

## Court's Decision

Because Hart's Original Petition was filed in Texas state court, it did not at that time have to comply with more stringent federal and Fifth Circuit pleading standards.[1]  Now that it has

---

[1] Pleading standards are far more lenient in Texas state court, as summarized in 1 Tex. Prac. Guide Civil Pretrial § 5:39 (Database updated through September 2010):

> A petition is sufficiently pleaded if one can reasonably infer a cause of action or defense from what is specifically stated. *Boyles v. Kerr*, 855 S.W. 2d 593, 601 (Tex. 1993); *In re Credit Suisse First Boston Mortgage Capital, LLC*, 273 S.W. 3d 843, 850 (Tex. App.--Houston [14th Dist.] 2008, orig. proceeding)(petition can be sufficient if a claim reasonably may be inferred from what is specifically stated, and thus, a petition is not necessarily defective even if the plaintiff has not specifically alleged one of the elements of a claim); *In re P.D.D.*, 256 S.W. 3d 834, 939 (Tex. App.--Texarkana 2008, no pet.); *San Saba Energy, L.P. v. Crawford*, 171 S.W. 3d 323 (Tex. App.--Houston [14th Dist.] 2005, no pet.); *Tull v. Tull*,159 S.W. 3d 758, 762 (Tex. App.-Dallas 2005, no pet) . . . .*Woolam v. Tussing*, 54 S.W. 3d 442. 448 (Tex. App.--Corpus Christi 2001, no pet.)(pleadings will generally be construed as favorably as possible to the pleader; the court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged, and every fact will be supplied that can reasonably be inferred from what is specifically stated) . . . .

*See also* 58 Tex. Jur. 3d Pleading § 102 (Database updated October 2010)("In the absence of a special exception, a pleading will be construed liberally in the pleader's favor, and every reasonable intendment will be indulged in favor of the pleading.  The court will seek to discover the intendment of the pleader; and the pleading may be upheld even if some element of the cause of action or defense has not been specifically alleged.  Every fact will be supplied that may reasonably be inferred or regarded as being implied by what is specifically stated.")(footnote citations

been removed, and that removal is not contested, the federal standards apply. The Court agrees with Nationwide that Hart has failed to give Nationwide adequate notice of the claims against it under these standards. There is no accusation by Nationwide of undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party caused by Hart. In the interests of justice therefore, the Court

ORDERS that Nationwide's motion for partial dismissal (#3) is DENIED; instead pursuant to Rule 15(a)(2) Hart is GRANTED LEAVE to AMEND her pleading within thirty days to state with the requisite factual support for plausible claims under Rule 8 and with the particularity required for all claims based on fraud to satisfy Rule 9(b). Nationwide shall then file a timely responsive pleading.

**SIGNED** at Houston, Texas, this 29th day of November , 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

omitted).