IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SHELI HART,                        §
                                   §
            Plaintiff,             §
                                   §
VS.                                §   CIVIL ACTION H-10-2558
                                   §
NATIONWIDE PROPERTY & CASUALTY     §
INSURANCE COMPANY AND CALVIN D.    §
CHAMBERS,                          §
                                   §
            Defendants.            §

**OPINION AND ORDER OF PARTIAL DISMISSAL**

The above referenced action charging Nationwide Property and

Casualty Insurance Company ("Nationwide") with failure to pay

Plaintiff's claims under her homeowner's insurance policy for the

full value of her property damage caused by Hurricane Ike, asserts

causes of action for violations of Sections 541 ( Unfair Settlement

Practices) and 542 (failure to promptly investigate and pay claims)

of the Texas Insurance Code, breach of insurance contract, fraud,

conspiracy to commit fraud, and breach of the common law duty of

good faith and fair dealing.  Pursuant to the Court's opinion and

order of November 29, 2010 (instrument #16), Plaintiff Sheli Hart

has filed a First Amended Complaint (#20) to cure what the Court

determined to be insufficient pleadings to satisfy Federal Rules of

Civil Procedure 12(b)(6) and 9(b).  Now pending before the Court is

Defendants Nationwide and Calvin D. Chambers' ("Chambers'") renewed

motion for partial dismissal of Plaintiffs' First Amended Complaint (#23), specifically the extra-contractual claims, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

### Standards of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." All well pleaded facts must be viewed as true, "in the light most favorable to the plaintiff. *Lindquist v. City of Pasadena, Texas*, 525 F.3d 383, 386 (5ᵗʰ Cir. 2008). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also the 'grounds' on which the claim rests." *Id.* at 555, n.3. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S. Ct. 1937, 1949 (2009), *citing Twombly*, 550 U.S. at 556.

While the sufficiency of a complaint under Rule 8(a)(2) may be challenged by motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, even if the defendant does not file such a motion, the court "has the authority to consider the sufficiency of a complaint on its own initiative." *Landavazo v. Toro Co.*, 301 Fed. Appx. 333, 336 (5th Cir. Dec. 5, 2008)(*citing Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)("As a general rule, a district court may dismiss a complaint on its own for failure to state a claim.")), *cert. denied*, 129 S. Ct. 2417 (2009).

Fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In allegations alleging fraud . . ., a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  The Fifth Circuit strictly construes the Rule and requires the plaintiff pleading fraud in federal court "'to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Flaherty & Crumrine Preferred Income Fund, Inc,. v. TXU Corp.*, 565 F.3d 200. 206-07 (5th

Cir. 2009)(*quoting Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)), *cert. denied*, 130 S. Ct. 199 (2009)).[1]   A dismissal for failure to plead with particularity as required by this rule is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

Because "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not," it applies to statutory claims based on allegations of fraud. *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994). "Claims alleging violations of the Texas Insurance Code and the Deceptive Trade Practices Act . . . are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of America*, 9 F. Supp. 2d 734, 742-43 (S.D. Tex. 1998). *See also, e.g., Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); *Patel v. Pac. Life Ins. Co.*, No. 3:08-CV-249, 2009 WL 1456526, *18 (N.D. Tex. May 22, 2009)(applying Rule 9(b) to Texas Insurance Code claims). Where "[t]he factual background of

---

[1]   In contrast Texas only requires the plaintiff to assert that the defendant made "a material misrepresentation, which was false and which was either known to be false when made or was asserted without knowledge of the truth which was intended to be acted upon, which was relied upon, and which caused injury." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008), *quoting Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W. 2d 925, 929-30 (Tex. 1996).

. . . claims is substantively identical," causes of action arising under DTPA, the Texas Insurance Code, or common law fraud must satisfy Rule 9(b), which reaches "all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith*, 9 F. Supp. 2d at 742, *citing Berry*, 608 F. Supp. 2d at 789, 800; *Hernandez v. Ciba-Geigy Corp., USA*, 200 F.R.D. 285, 290-91 (S.D. Tex. 2001).

The pleading standards of *Twombly* and Rule 9(b) apply to pleading a state law claim of conspiracy to commit fraud. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009)("a plaintiff alleging a conspiracy to commit fraud must 'plead with particularity the conspiracy as well as the overt acts . . . taken in furtherance of the conspiracy'"), *quoting FC Inv. Group LLC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1097 (D.C. Cir. 2008).

If a plaintiff fail to state a claim for fraud underlying her civil conspiracy claim, the civil conspiracy claim must be dismissed, too. *Allstate Ins. Co. v. Receivable Finance, Inc.,* 501 F.3d 398, 414 (5th Cir. 2007); *American Tobacco Co., Inc. v. Grinnell*, 951 S.W. 2d 420, 438 (Tex. 1997)("Allegations of conspiracy are not actionable absent an underlying [tort]"); *Krames v. Bohannon Holman LLC*, No. 3:06-CV-2370-0, 2009 WL 762205, *10 (N.D. Tex. Mar. 24, 2009).

### Allegations of the First Amended Complaint

The amended pleading alleges that Plaintiff owns a Texas

Homeowners' Insurance Policy ("policy") issued by Nationwide, insuring her property at 3919 Dallas Street, Houston, Texas 77023, which was extensively damaged by Hurricane Ike on September 12-13, 2008. She claims that her roof was damaged, resulting in extensive damage throughout the entire house, including ceilings, walls, insulation, windows and flooring, as well as structural and exterior damage. The house shifted, and the fence was also damaged.

Plaintiff submitted a claim for the damage to Nationwide, which assigned Chambers as the individual adjuster on the claim. He purportedly conducted a substandard and unreasonable inspection of Plaintiff's property, and his resulting report failed to include all of Plaintiff's claimed Hurricane Ike damages, while those damages that were included were intentionally and grossly undervalued, resulting in underpayment to Plaintiff for repairs of her property. Moreover the mishandling of her claim caused delay in her ability to repair her house, causing additional damage.

The complaint further asserts that this "intentional undervaluing of covered hurricane damage is a common and prevalent practice in Nationwide's claim handling process." The complaint vaguely refers to a letter sent by Nationwide to Plaintiff, which Plaintiff asserts is typical of the patently false letters customarily sent to Nationwide's insureds, stating that its estimate "'*represents the amount to restore your damaged property*

*to its pre-loss condition*,' and '*contains [Nationwide's] valuation of the damages for the reported loss . . . prepared using reasonable and customary prices for your geographic area.'*"  The complaint labels these statements as false misrepresentations made recklessly or without knowledge of their truth.  The complaint asserts generally that the prices used by Nationwide in adjusting Hurricane Ike claims did not reflect the local market where the claim was made and that insureds were inevitably unable to locate a contractor in their area to do the repair work for the inadequate amounts determined by Nationwide.  The amended pleading alleges that because Nationwide's adjusters, agents and representatives, including Chambers, have specialized knowledge of the insurance industry and in particular of Nationwide's practices in handling claims, they had information superior to that possessed by Plaintiff, to which Plaintiff did not have equal access.  This special knowledge of specific facts underlying a false opinion can support a plaintiff's claim of an affirmative misrepresentation.

The complaint further charges that, in breach of the insurance contract between Nationwide and Plaintiff, despite demand made by Plaintiff, Nationwide wrongfully denied Plaintiff's claims for repairs of her property even though the policy covered such losses and it underpaid others.  Nationwide continues to delay payment for repair of damages to her home.

Furthermore, the amended complaint alleges numerous violations

of the Texas Insurance Code.  It alleges that Nationwide and Chambers misrepresented to Plaintiff that the damage was not covered under the policy in violation of the Texas Insurance Code, Unfair Settlement Practices, section 541.060(a)(1).  Their misrepresentations by deceptive conduct include (1) failure to conduct a reasonable inspection and investigation of Plaintiff's hurricane damages; (2) stating that Plaintiff's damages were less severe than they were; (3) using their own statements about the non-severity of the damages as a basis for denying damages and/or underpaying for damages; and (4) failing to provide an adequate explanation for inadequate compensation that Plaintiff received, in violation of the Texas Insurance Code, Unfair Settlement Practices, Texas Insurance Code section 541.060(a)(1).  In addition, Defendants purportedly failed to make an attempt to settle Plaintiff's claim in a fair manner even though they were aware that their liability was reasonably clear, in violation of the Texas Insurance Code, Unfair Settlement Practices, Section 541.060(a)(2)(A).  They allegedly also failed to explain the reasons for their offer of an inadequate settlement, and they failed to offer adequate compensation while failing to explain why full payment was not being made, nor indicated whether any future settlements or payments would be made, nor explained why they failed to adequately settle Plaintiff's claim, in violation of the Texas Insurance Code, Unfair Settlement Practices, Section

541.060(a)(3).   Moreover Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time in violation of the Texas Insurance Code, Unfair Settlement Practices, Section 541.060(a)(4).   In addition they refused to fully compensate Plaintiff under the terms of the policy even though they failed to conduct a reasonable investigation, but instead performed an outcome-oriented evaluation resulting in an unfair evaluation of Plaintiff's losses, in violation of the Texas Insurance Code, Unfair Settlement Practices, section 541.060(a)(7).   Nationwide also failed to meet its obligations to timely acknowledge Plaintiff's claim, to request all information reasonably necessary to investigate that claim within the statutorily mandated time of receiving notice of the claim in violation of section 542.055. Nationwide failed to accept or deny Plaintiff's full claim within the statutorily mandated time of receiving all necessary information in violation of section 541.056.   It also delayed full payment of Plaintiff's claim longer than allowed and still have not paid fully for her claim in violation of section 542.058.

Nationwide's refusal to pay Plaintiff in full even though there is no basis on which a reasonable insurance company would have relied to deny the full payment constitutes a breach of the common law duty of good faith and fair dealing.

The First Amended Complaint alleges as causes of action against both Defendants fraud, conspiracy to commit fraud, and

violations of the Texas Insurance Code, Unfair Settlement Practices.  Against Nationwide only, Plaintiff asserts intentional breach of insurance contract, noncompliance with the Prompt Payment of Claims provisions of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

## Defendants' Motion for Partial Dismissal

Defendants seek dismissal of all claims except the breach of contract cause of action against Nationwide.  Defendants once again object that Plaintiff's claims "are pleaded in only the most vague generalities and formulaic recitations of statutory language, wholly devoid of any factual assertions relating to the alleged misrepresentations or specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they were fraudulent.'"  *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).  The allegations are exactly the sort of "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" that "'do not suffice'" under the federal rules.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Defendants insist that Plaintiff provides no factual allegations to support her claims, but merely paraphrases the statutory language and states her own legal conclusions.  Nor do the claims for statutory violations and fraud based on alleged misrepresentations

-10-

or on fraudulent conduct satisfy the particularity required for such claims under Rule 9(b). *Frith v. Guardian Life Ins. Co. Of America*, 9 F. Supp. 2d 744, 744-45 (S.D. Tex. 1998).

## Court's Decision

Not only are the complaint's averments vague and general, but Plaintiff fails to identify a single specific representation by Nationwide or its representatives, no less an actionable one, she does not specify the speaker or the person who performed allegedly deceptive conduct amounting to deceptive conduct, explain how Plaintiff relied on such, why Chambers' investigation was not reasonable, who stated that Plaintiff's damages were less severe than they actually were, who failed to provide an adequate explanation for the compensation received by Plaintiff, or how that compensation was "inadequate."

For instance, with respect to the alleged unfair settlement practices, Plaintiff fails to allege any facts to support conclusory allegations that Nationwide failed to fully compensate her, facts detailing what Nationwide did during the investigation process that made it "out-come oriented," what Nationwide ought to have done to conduct a reasonable investigation, that the evaluation was unfair and inequitable, or examples of Plaintiff's damages that were allegedly overlooked or undervalued.

Similarly, regarding Plaintiff's claim that Nationwide failed to pay her claims promptly, Plaintiff fails to indicate the "full

payment" that she expected, how Nationwide delayed payment, why the delay is "longer than allowed," or any details about Nationwide's handling of her claim that would be necessary to establish Nationwide's liability.

The averments about Nationwide's "misrepresentations" for purposes of her claims of fraud or claims of violations of the Texas Insurance Code are vague and conclusory. Plaintiff fails to specifically describe even one by Nationwide or its representatives that could qualify as actionable. She omits the requisite who made such a representation, how Plaintiff relied on it, how the investigation by Nationwide was unreasonable, who stated that her damages were less severe than they were, who failed to provide an adequate explanation for the compensation she received, or how that compensation was "inadequate."

With respect to the claim for breach of good faith and fair dealing, Defendants again contend that the complaint fails to offer any facts demonstrating that Nationwide had a reasonably clear obligation to make additional payments to Plaintiff, but merely states that conclusion.

Regarding the conspiracy to commit fraud claim, the complaint provides no details regarding Defendant's handling of Plaintiff's insurance claim necessary to establish its liability, including when, where, and how Nationwide conspired, what unlawful purpose the conspiracy was meant to accomplish, and what over act was

committed and by whom.

Last, Defendants maintain that Plaintiff's claims for fraud and fraudulent conduct under Texas common law and under the unfair settlement practices provisions of the Texas Insurance Code, because they are based on the same allegations, should be dismissed because they fail to satisfy the heightened pleading standard of Rule 9(b).

### Plaintiffs' Response

Plaintiff objects that Defendant only cites to language in her Original Petition and ignores the language added in the First Amended Complaint.   She claims that she has satisfied Rules 12(b)(6) and 9(b).

### Court's Decision

The Court, in its summary, had indicated her additions in the amended complaint but agrees with Defendants that under Rules 8, 9(b) and 12(b)(6) Plaintiff has failed to state a plausible claim for all of her extra-contractual claims.

The Fifth Circuit does "not accept as true '[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements.'" *City of Clinton, Ark. V. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010), *quoting Iqbal*, 129 S. Ct. at 1949.  Conclusory allegations that do no more than repeat the elements of a claim are insufficient under Rule 8(b).  *Twombly,* 550 U.S. at 555; *quoted for that proposition by Elsensohn v. St.*

*Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir.2008).

After reviewing the First Amended Complaint and applying the case law developed in the wake of *Twombly* and *Iqbal*, the Court finds that Plaintiff still fails to plead at least some particular facts personal to her situation that can satisfy Rules 9, 12(b)(6) and 8 regarding the elements of each cause of action. For example, while generally claiming that Chambers conducted a substandard inspection of Plaintiff's property, she does not identify a single example or point out anything that was omitted or improperly performed; she asserts that the damages in his report were grossly undervalued, yet fails to specify even one; she complains that Nationwide uses prices that do not reflect the local market where the claim was made, but fails to give even a single example, no less show that "Nationwide's statements . . . customarily sent to insureds are patently false." She maintains that Nationwide's adjusters and agents have "special knowledge . . . of specific facts" to which Plaintiff did not have equal access, but again does not provide even one example. She clearly fails to identify a specific fraudulent misrepresentation or action, no less indicate the requisite who, what, where, and how it was fraudulent. Thus the extra contractual claims should be dismissed for failure to state a claim under Rules 8, 12(b)(6), and 9. *See, e.g., Siddiqui v. Nationwide Property & Casualty Ins. Co.*, Civ. A. No. H-10-4794, 2011 WL 722208 (S.D. Tex. Feb. 21, 2011); *Santos v. Nationwide*

*Property & Casualty Ins. Co.,* Civ. A. No. H-10-2674, 2010 WL 4236872 (S.D. Tex. Oct. 21, 2010).

    Accordingly, the Court

    ORDERS that Defendant's motion for partial dismissal of the extra contractual claims (#23) is GRANTED.

    **SIGNED** at Houston, Texas, this  5th  day of   May  , 2011.

                  MELINDA HARMON
          UNITED STATES DISTRICT JUDGE